SZATYN *v.* WILDE.

1. CANCELLATION OF INSTRUMENTS—MORTGAGES—FRAUD.
   In suit by mortgagors for cancellation of mortgage on ground that mortgagees were guilty of fraud, evidence *held,* to show that mortgagees did not participate in fraud perpetrated by another.

2. APPEAL AND ERROR—CANCELLATION OF INSTRUMENTS—FORGERY—CONDITIONAL AFFIRMANCE OF JUDGMENT.
   Where, in suit by mortgagors for cancellation of mortgage on ground of fraud, they claimed to have been defrauded out of proceeds of mortgage by forged indorsement on check, decree dismissing bill is affirmed, on appeal, on condition that defendant procure assignment to plaintiffs of claim against bank on forgery charge.

Appeal from Kent; Dunham (Major L.), J. Submitted June 3, 1931. (Docket No. 73, Calendar No. 35,512.) Decided October 5, 1931.

Bill by Martin Szatyn and another against Amy A. Wilde to cancel a real estate mortgage. Cross-bill by defendant against plaintiffs to foreclose said mortgage. Decree for defendant on cross-bill. Plaintiffs appeal. Affirmed conditionally.

*Dilley & Dilley,* for plaintiffs.

*Cornelius Hoffius* and *Dorr Kuizema,* for defendant.

BUTZEL, C. J. Plaintiffs, industrious Polish people, had real estate holdings in Grand Rapids, Michigan, that included a vacant lot on Diamond avenue, also one on Baraga street, and a home at

844 Crescent avenue N. E.; the latter parcel was incumbered with a mortgage for approximately $900. They desired to have a new home built on the Diamond avenue lot. With the aid of a Polish interpreter, they entered into a contract with one Peter Hummel, who agreed to construct the house on the Diamond avenue lot and accept in payment the equity in the Crescent avenue lot, the Baraga street lot, and $50 in cash. Shortly after beginning work on the new house, Hummel went with plaintiffs to the office of reputable real estate brokers for the purpose of making a new mortgage which was to replace the one on the Crescent avenue house. The new mortgage was drawn in the amount of $2,500 and ran jointly to defendant and her husband, now deceased. Two checks were given, one for $909.51, payable to the former mortgagee, and one for $1,489.74, payable to plaintiffs. These, together with the mortgage tax and brokerage fees, etc., aggregated $2,500. The new mortgage, together with the discharge of the former mortgage on the Crescent avenue house, were duly recorded. Plaintiffs claim that they were induced by Hummel to make the new loan by his falsely representing that it was to be for the same amount as the old mortgage, $900; that they signed the mortgage for $2,500 in the belief that it was only for $900; that they did not receive the check for $1,489.74, but that it was given to Hummel; that he forged their names on the back of the check, which, after adding his own indorsement, he cashed. He absconded after completing only the foundations of the new house.

On the theory that defendant and her husband were parties to the fraud, plaintiffs brought suit to have the mortgage set aside. Defendant denied all participation in the fraud, if any existed, and in

a cross-bill asked for the foreclosure of the mortgage. In the answer to the cross-bill, plaintiffs offered to execute a new mortgage in the sum of $900 running to defendant as survivor of herself and husband. From a decree dismissing the bill of complaint and ordering foreclosure of the $2,500 mortgage, plaintiffs appeal.

The case presents solely questions of fact. There is no doubt that Hummel was guilty of gross fraud, but that defendant did not remotely participate therein. She and her husband parted with their money after a careful examination of both the security and the title. They paid out the full amount of the mortgage. The trial judge found that there was not a scintilla of evidence connecting defendant and her husband with the fraud. He further stated that, although plaintiffs disclaimed knowledge of English, and their testimony had to be given with the assistance of an interpreter, the alacrity with which they attempted to answer questions before being translated by the interpreter proved that they were fairly well acquainted with the English language in which the transactions had been conducted in their presence. There was testimony that the larger check was handed to them.

The check was drawn on the Kent State Bank of Grand Rapids and signed by Homer Adrianse & Son, who were the loaning agents of defendant and her deceased husband. The names of plaintiffs and Peter Hummel are indorsed on the back of the check. Plaintiffs claim that their signatures were forged. It is unnecessary for us to determine whether the signatures are genuine or not, or whether plaintiffs, owing to their credulity, were indifferent as to how large a mortgage was placed on the property. Hummel would have been obliged

to pay the mortgage had he completed the new house and received a deed to the old one subject to the mortgage in question. There is no doubt that Hummel was a scoundrel, and also that defendant and her husband were *bona fide* mortgagees. If the bank, which is not a party to this suit, paid the check on the strength of forged indorsements, it may still be liable. In order to do complete equity, therefore, the decree of the lower court dismissing the bill is affirmed, on condition, however, that defendant deliver to plaintiff an assignment from Homer Adrianse & Son of any legal claim they may have against the bank on account of paying the check on forged indorsements, so that plaintiffs may assert any rights Homer Adrianse & Son may have had against the bank for paying a check on forged indorsements. In the event that defendant shall not be able to secure such an assignment of the claim, if any, against the bank, then the case may be reopened and Homer Adrianse & Son may be made party defendant, so that a complete assignment of such claim may be specifically decreed. This order is made without prejudice to the rights of the bank to defend against said claim of forgery. The case is remanded to the lower court to carry out the instructions as set forth in this opinion. Defendant will recover costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.